Judge Berman

05 CV

7545

Mark N. Mutterperl (MM 1977)
Emily Frangos (EF 3022)
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 318-3000
Facsimile: (212) 318-3400

Attorneys for Plaintiff
The Procter & Gamble Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, | No.: |
| Plaintiff, | |
| - against - | |
| ALISONS PHARMACY INC., BEST CARE PHARMACY INC., CENTRAL PHARMACY CORP. d/b/a GRAND PHARMACY, FIRST CHOICE PHARMACY CORP., GOOD HEALTH PHARMACY, INC., D BEST PHARMACY, INC. and JEN'S SUPER STORE INC. a/k/a JEN'S SUPERSTORE INC., | COMPLAINT |
| | Jury Trial Demanded |
| Defendants. | |

The Procter & Gamble Company ("Procter & Gamble"), by and through its undersigned

counsel, as and for its complaint against defendants Alisons Pharmacy Inc., Best Care Pharmacy

Inc., Central Pharmacy Corp. d/b/a Grand Pharmacy, First Choice Pharmacy, Inc., Good Health

Pharmacy, Inc., D Best Pharmacy, Inc. and Jen's Super Store Inc. a/k/a Jen's Superstore Inc.

(collectively, "Defendants"), hereby alleges as follows:

## NATURE OF ACTION

1.     This is an action for (i) trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) trademark infringement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); deceptive trade practices under Section 349 of the New York General Business Law; (iii) injury to business reputation under Section 360-1 of the New York General Business Law; (iv) unfair competition under the common law of New York; and (v) unjust enrichment.

## THE PARTIES

2.     Plaintiff Procter & Gamble is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Ohio, with a principal place of business located in Cincinnati, Ohio.

3.     Upon information and belief, all of the Defendants are related entities.

4.     Defendant Alisons Pharmacy Inc. is, and at all relevant times has been, a corporation organized and existing under the laws of the State of New York with a principal place of business located at 48 Mott Street, New York, New York, 10013.

5.     Defendant  Best Care Pharmacy Inc. is, and at all relevant times has been, a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 28 East Broadway, New York, New York, 10002.

6.     Defendant Central Pharmacy Corp. d/b/a Grand Pharmacy is, and at all relevant times has been, a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 201 Grand Street, New York, New York, 10013.

25569263.1

- 2 -

7.     Defendant First Choice Pharmacy, Inc. is, and at all relevant times has been, a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 5912 8th Avenue, Brooklyn, New York, 11220.

8.     Defendant Good Health Pharmacy, Inc. is, and at all relevant times has been, a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 128-138 Mott Street, New York, New York, 10013.

9.     Defendant D Best Pharmacy, Inc. is, and at all relevant times has been, a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 1247 Avenue U, Brooklyn, New York, 11229.

10.     Defendant Jen's Super Store Inc. a/k/a Jen's Superstore Inc. is, and at all relevant times has been, a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 128-138 Mott Street, New York, New York, 10013.

## JURISDICTION AND VENUE

11.     The Court has jurisdiction of this action pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

12.     The Court has supplemental jurisdiction over Procter & Gamble's state and common law claims pursuant to 28 U.S.C. § 1367(a).

13.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because defendants reside in this judicial district, and because a substantial part of the events giving rise to Procter & Gamble's claims occurred in this judicial district.

## PROCTER & GAMBLE'S MARKS

14.     Procter & Gamble is a distributor of world-renowned high-quality consumer products, including its Olay beauty and skin care products.

15.     Procter & Gamble has used its Olay trademarks for decades. People throughout the world recognize products bearing the Olay trademarks as containing high quality beauty and skin care products manufactured and distributed by Procter & Gamble.

16.     Procter & Gamble has developed an enormous amount of goodwill in the Olay marks. These marks are well-known and respected by consumers worldwide. The Olay marks represent Procter & Gamble's commitment to providing high quality beauty and skin care products. The Olay marks are of inestimable value to Procter & Gamble.

17.     Oil of Olay products, including Olay White Radiance UV Natural Lightening Cream, are sold nationwide.

18.     Procter & Gamble is the owner of, *inter alia*, the entire right, title and interest in and to the following federally registered marks and applications:

| UNITED STATES REGISTRATION/ SERIAL NUMBERS | PROCTER & GAMBLE TRADEMARK | REGISTRATION/ FILING DATE |
|---|---|---|
| 78/516073 | Olay Body | November 11, 2004 |
| 78/373897 | Olay | February 25, 2004 |
| 78/269148 | Olay Clarity | July 1, 2003 |
| 2918086 | Olay Complete Plus | January 11, 2005 |
| 2915105 | Olay Moisturinse | December 28, 2004 |
| 78/379567 | Olay Clarity | March 5, 2004 |
| 2885034 | O Ohm by Olay | September 14, 2004 |

| UNITED STATES REGISTRATION/ SERIAL NUMBERS | PROCTER & GAMBLE TRADEMARK | REGISTRATION/ FILING DATE |
|---|---|---|
| 78/299821 | Olay Regenerist | September 12, 2003 |
| 2805705 | Olay | January 13, 2004 |
| 2449933 | Olay | March 8, 2001 |
| 1130648 | Olay | February 12, 1980 |
| 1109850 | Oil of Olay | December 26, 1978 |
| 1089006 | Night of Olay | April 11, 1978 |
| 1019120 | Oil of Olay | September 2, 1975 |
| 825078 | Olay | February 28, 1967 |
| 787645 | Oil of Olay | March 30, 1965 |

19.   Procter & Gamble has engaged and continues to engage in interstate activities designed to promote Olay marks and the business and goodwill associated with each of the Olay marks in the State of New York and throughout the United States.

20.   Procter & Gamble's products are sold, and its advertisements published, within this District.

## DEFENDANTS AND THEIR ACTIVITIES

21.   Defendants are retailers and wholesalers that sell or otherwise distribute beauty and skin care products.

22.   Defendants have sold and/or offered to sell counterfeit Olay White Radiance UV Natural Lightening Cream.

25569263.1

- 5 -

23.    Defendants are not affiliated with or sponsored by Procter & Gamble and have not been authorized by Procter & Gamble to sell Olay products; Defendants are not now and never have been authorized by Procter & Gamble to use any name or mark that includes "Olay."

24.    Defendants' unauthorized sales of counterfeit Olay products have irreparably harmed Procter & Gamble's reputation and have defrauded the purchasing public.

25.    Defendants' counterfeit Olay products enable Defendants to trade on and receive the benefit of goodwill Procter & Gamble established with considerable labor and expense over many years, and to gain acceptance of their goods and services not solely on their own merit, but on the reputation and goodwill of Procter & Gamble.

26.    Defendants' unauthorized sales of counterfeit Olay products removes from Procter & Gamble the ability to control the nature and quality of goods provided under the Olay brand and places the valuable reputation and goodwill of Procter & Gamble in the hands of Defendants, over whom Procter & Gamble has no control.

27.    Unless the acts of Defendants are permanently enjoined by this Court, they will continue to cause irreparable injury to Procter & Gamble and to the public for which there is no adequate remedy at law.

28.    Upon information and belief, Defendants' acts complained of herein have been deliberate, willful, intentional and in bad faith, with full knowledge and in conscious disregard of Procter & Gamble's rights in the Olay marks, and with an intent to trade on Procter & Gamble's goodwill in the Olay marks.

CAUSES OF ACTION

FIRST CAUSE OF ACTION:
FEDERAL TRADEMARK INFRINGEMENT

29.     Procter & Gamble repeats each of the allegations set forth above as if fully set forth herein.

30.     The acts of Defendants complained of herein constitute infringement of Procter & Gamble's registered marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

SECOND CAUSE OF ACTION:
FEDERAL UNFAIR COMPETITION

31.     Procter & Gamble repeats each of the allegations set forth above as if fully set forth herein.

32.     The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

THIRD CAUSE OF ACTION:
NEW YORK DECEPTIVE TRADE PRACTICES

33.     Procter & Gamble repeats each of the allegations set forth above as if fully set forth herein.

34.     The acts of Defendants complained of herein constitute deceptive trade practices in violation of Section 349 of the New York General Business Law.

FOURTH CAUSE OF ACTION:
NEW YORK INJURY TO BUSINESS REPUTATION

35.     Procter & Gamble repeats each of the allegations set forth above as if fully set forth herein.

36.    Defendants are likely to injure Procter & Gamble's business reputation by virtue of their counterfeiting and unfair competition in violation of Section 360-1 of the New York General Business Law.

### FIFTH CAUSE OF ACTION:
### COMMON LAW UNFAIR COMPETITION

37.    Procter & Gamble repeats each of the allegations set forth above as if fully set forth herein.

38.    The acts of Defendants complained of herein constitute unfair competition in violation of the common law of the State of New York.

### SIXTH CAUSE OF ACTION:
### UNJUST ENRICHMENT

39.    Procter & Gamble repeats each of the allegations set forth above as if fully set forth herein.

40.    The acts of Defendants complained of herein constitute unjust enrichment of Defendants at Procter & Gamble's expense.

### PRAYER FOR RELIEF

WHEREFORE, Procter & Gamble prays that:

(a)    Defendants, their agents, servants, employees, and all those persons in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from:

(i)    using Olay or any name which incorporates Olay or any marks similar thereto in connection with the manufacture, advertising, receiving, acquisition, importation, shipment, purchase, sale, offer for sale or

25569263.1

distribution of any unauthorized goods or the rendering of any unauthorized services;

(ii)     using any logo, trade name or trademark similar to Olay or any name that incorporates Olay, including the Olay marks listed herein, which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of defendants or of third parties are sponsored by, authorized by or in any way associated with Procter & Gamble;

(iii)    engaging in any conduct which tends falsely to represent, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and members of the public to believe that Defendants are connected with Procter & Gamble or are sponsored, approved or licensed by Procter & Gamble or are in some way connected or affiliated with Procter & Gamble;

(iv)    otherwise unfairly competing with Procter & Gamble in the manufacture, advertising, receiving, acquisition, importation, shipment, purchase, sale, offer for sale or distribution of any unauthorized goods or the rendering of any unauthorized services of Olay products;

(v)     using any reproduction, counterfeit, copy or colorable imitation of any of the Olay marks in connection with the publicity, promotion, sale or advertising of counterfeit Olay products manufactured, received, acquired, imported, shipped, purchased, sold, offered for sale or distributed by

Defendants bearing a copy or colorable imitation of any of the Olay marks;

(vi)    affixing, applying, annexing or using in connection with the manufacture, advertising, receiving, acquisition, importation, shipment, purchase, sale, offer for sale or distribution of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being Olay products and from offering such goods in commerce;

(vii)   destroying any records documenting the manufacture, sale or receipt of any counterfeit Olay products; and

(viii)  assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (vii), above; and

(b)     Defendants be required to deliver to the Court for destruction, or show proof of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles and advertisements in Defendants' possession or control which use any logo, trade name or trademark similar to Olay or any name that incorporates Olay, including the Olay marks listed herein;

(c)     Defendants be ordered to file with this Court and to serve upon Procter & Gamble, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(d)     Procter & Gamble recover all damages it has sustained as a result of Defendants'
activities and that said damages be trebled;

(e)     An accounting be directed to determine Defendants' profits resulting from their
activities and that such profits be paid over to Procter & Gamble, increased as the Court finds to
be just under the circumstances of this case;

(f)     Procter & Gamble recover its reasonable attorneys' fees;

(g)     Procter & Gamble recover its costs of this action, together with prejudgment and
post-judgment interest; and

(h)     Procter & Gamble recover such other and further relief as the Court deems just
and proper.


Dated: New York, New York
       August 25, 2005                              Respectfully submitted,

                                                    FULBRIGHT & JAWORSKI L.L.P.



                                                    By: _____
                                                         Mark N. Mutterperl (MM 1977)
                                                         Emily Frangos (EF 3022)
                                                         666 Fifth Avenue
                                                         New York, New York  10103
                                                         Telephone:  (212) 318-3000
                                                         Facsimile:  (212) 318-3400

                                                    Attorneys for Plaintiff
                                                    The Procter & Gamble Company


25569263.1
                                        - 11 -